Mr. DeRuzo. We're calling Gillette v. Golden Grove. You may proceed. Thank you, Your Honor. May I please court Joseph DeRuzo on behalf of Ronald Gillette, the appellant. Before we dive right into questions, I'd just like to highlight two things. Do you want to reserve any time? I'm sorry. Six minutes for rebuttal, Your Honor. So before we dive right into questions, I'd like to make two salient points which I believe are outcome dispositive. The way I see it is analytically, we've got two buckets. The first bucket is the Article IV Revised Organic Act Parrot Case Bucket, and the second bucket is Administrative Law APA Federal Housekeeping Statute. Don't you need to talk about the jurisdictional bucket first? Well, fair enough, Judge, but I believe that the jurisdictional bucket derives from the Article IV Revised Organic Act Parrot Bucket, and that's because once the Revised Organic Act was amended in 84, once the territorial court was given jurisdiction in 91, pursuant to this court's parrot case, once a district court criminal defendant is in Section 1303, the appropriate and only venue for that to go forward, pursuant to the parrot, and to call what would be ENOS for that matter, is before the superior court. And as a result, I had to bring the case before the superior court, which means I necessarily have to do everything, including discovery, in that court. Consequently, the superior court has jurisdiction, and the district court has derivative jurisdiction. I believe that the logic in the parrot case, derives from the fact that the separation under Article IV is administrative and not a constitutional design. All right. Well, it may well be that you needed to bring whatever it is you chose to bring in the superior court, but that doesn't seem to speak to the point that the it's not a party. You can test it is, but their point is, we're not a main party, and the fact that this began in superior court with a joint prosecution, that doesn't make any difference at all. I think you need to speak to that, because I take their point to be the TUI regulations, they've been upheld, they're out there, you decline to follow them, that's on you, and the superior court doesn't have any power to tell the Justice Department to ignore its regulations. So just go right at that. Well, first, your honor, I couldn't name the U.S. as a party. If I could, I would have, but I believe, presumably, to run for VPTA, I couldn't get there. So I had to name the warden, even though the warden, for all intents and purposes, doesn't have anything to do with the litigation. If I'm bringing an IAC, if I'm bringing a Brady claim, if I'm bringing a Giglio claim, the warden has nothing to do with that, but that's just a vestige of the way it was, and it is what it is. But there you go, it is what it is. It is what it is. But given that, I had to name the warden, at least for habeas cases, and given that Gillette was prosecuted by the federal government, by the U.S. Attorney's Office, for the District Court of the Virgin Islands, on federal and local level charges, and only was I able to obtain those local level charges, because I have to do it in Superior Court, if I don't get the ability to deal with discovery with the federal government, I don't know how I could, or anyone for that matter... But you do have the ability to deal with the federal government. I mean, that's what's perhaps so perplexing, counsel. You're saying you don't have the ability. TUI sets up the very process and then provides a remedy under the APA if you find the outcome of that process unsatisfactory. So why are you contending you can't get what you want? Well, I would submit that, if I assume for sake of argument that I have to go through the TUI regulations, then at best I go through it, and I'm up on final agency action, and I'm under arbitrary and capricious, which I don't believe is going to get me where I want to get there, and as a threshold consideration... Why are you assuming you're not going to get cooperation and get what... Yeah, well, you're just... You've taken us into the realm of speculation. You've declined to follow the regulations, and now you're asking us to speculate that you won't get what you asked for. How do we know? Fair enough, Judge, and I appreciate that, but I submit that, if I had complied with the regulations, then I wouldn't be able to bring in any of these challenges. In other words, I would have waived or mooted out any arguments I had as to the validity of the TUI regulations. I can't see being... Because I'm sure my opposing counsel would say, you complied with the TUI regulations, we didn't give you what you want, therefore you're only under arbitrary and capricious under the APA, and you can't even bring these complaints, these legal issues in the first instance, you effectively waived them. So I didn't think I had a choice but to tee it up as a way that I did. Well, I guess if you feel like there's a... I don't know, maybe you feel a moral obligation to challenge the TUI regulations, but if the point is, I want discovery, there's a route. You've got the route, you've just declined to follow it. But I really am concerned about the jurisdictional issue that's raised, and so let me ask you, do you concede that the Superior Court is not a court of the United States, as that term is used in Section 702 of Title V? For purposes of the APA, I would say it does not meet the statutory definition as a court of the United States. But given our constitutional design, I submit this is a very interesting, sui generis type case that is very difficult to fit into the general concepts, and that's why you really need to look to this court's case law in PARA that really talks about the structure of it and how these cases to go forward. And I would ask this not-so-rhetorical question, Your Honor, if I don't get what I want and I'm up on an arbitrary, capricious review, but I have to litigate before the Superior Court, wouldn't that give or operate to have the Superior Court litigation be substantially different in contrast to a 2255? Because if Gillette had been convicted of one federal count, then I could be in under 2255 land and I wouldn't have to comply with the two regulations at all because the United States would be a named party by operation of the motion under 2255 filed in the criminal case, which then may be given a civil docket number. So I think that the way that the government wants it to work under this unique territorial design would leave a substantial hole in the litigation process and effectively would be, I assume, highly remanded. It would leave a hole. What you're really saying is, or what I'm hearing you say is, you don't like the way the structure works. But that doesn't mean there's not a constitutionally adequate structure in place. And yet all of that skips over the subject matter jurisdiction question. I mean, I understand you want to get to the merits of what you want to get to, but I'm still not, and that you don't like that this may land you in a spot where you have to comply with TUI. But I don't see you having responded to the government's assertion that is not a government, the court, Superior Court, is not a court of the United States. There's not a waiver of sovereign immunity. Ergo, this court lacks subject matter jurisdiction. What's your best pitch against that argument? My best pitch against that argument is that under Parrott and Collwood, by operation of the statutory design, it had to go to Superior Court. And when you had got a federal prosecution in federal court by the U.S. Attorney's Office, Parrott itself says, I mean, Parrott, we've got the author right here, but Parrott says habeas cases are not the criminal case. Yes. It's about, it's a different case. So, you know, not to be too blunt, but who cares whether the U.S. Attorney's Office started the prosecution? The habeas case is a different case. That's the teaching of Parrott. So, how does that contribute? Well, allow me to push back for one second, Judge. If I have a Brady or Giglio claim, the claim is against the U.S. Attorney's Office. It's against the government. So, to say that the United States is not a party, to say that the United States has nothing to do with the case, if I'm bringing a Giglio, Brady... It has nothing to do with the case. Nobody's suggesting that it has nothing to do with the case. What's being suggested to you is it's not a party, and that's a frustration, no doubt. But it isn't, and the habeas case is a different case. So, and even Parrott, not even Parrott, Parrott emphatically makes the case that the habeas case is a different case. You cite it for one purpose, but don't you have to live with the other side of Parrott as well? Sure. I have no problem. You take the bitter with the sweet. I don't have a problem with that general proposition, but I don't think... Well, I can say for sure, Parrott did not address the unique situation that we have here today. All right. So, but... Well, let me ask you. We've reserved six minutes. Let me ask my... Nothing. Judge Roth, anything? You have asked all my questions. Okay. Well, we'll have you back on the phone, Mr. DeRouge. Thank you. Mr. Wood. Good morning, Your Honors, and may it please the Court, Brad Hedgewood of the United States. I think, as is clear from some of the discussion so far, at least in our view, the most straightforward way to resolve this case is to recognize that there is no applicable waiver of sovereign immunity that enables that court to enforce a subpoena or process against the United States. My colleague acknowledges the APA's waiver of sovereign immunity does not apply in that context, and he hasn't identified any other applicable waiver. You said... Go ahead. Just to be clear, you said there's no jurisdiction to enforce the subpoena. So, do you agree that they had jurisdiction to issue the subpoena? Well, Your Honor, to be clear, I think that goes to the question of what the underlying jurisdiction of the Superior Court is over the habeas petition, and we don't agree with Petitioner's premise that Parrott holds that post-1994 criminal convictions obtained in the District Court have to go to the Superior Court, but the relevant point is that it simply doesn't matter for purposes of sovereign immunity. I mean, even if he's right about what Parrott requires him to do, you still have to demonstrate a waiver of immunity, and that's true regardless of whether the... I think the way he's tried to pitch it in his brief is that sovereign immunity is somehow an incident of federalism, that there's no sovereign immunity problem because this is an Article IV court or something of that nature, but sovereign immunity is an attribute of sovereignty, not of federalism. It applies in all courts, federal, state, territorial, unless and until there's a waiver, and since there's no waiver here, Superior Court-like as a result, the District Court couldn't acquire any on removal, and that in and of itself requires dismissal of this particular case. Well, we've said, haven't we, that the territorial courts may be a court of the United States for some purposes. Maybe for some purposes, but for identifying a waiver of sovereign immunity, you have to do so explicitly, and I'm not sure what waiver could possibly apply in this context. A waiver in the APA would apply. If it's a court of the United States, it would apply, right? Right. That's Section 702. It's very straightforward. It's the one you pointed. Because I believe they raised that in their opening brief as a possible waiver, and we pointed out that the term court of the United States does not cover the Superior Court of the Virgin Islands. Our view is generally... Thank you. You say you point that out. That's the very thing I'm asking you about. Right. Our case law, the Lewis case, and this goes back decades and decades, 50 years, we've said it's not a simple question whether the territorial courts are courts of the United States or not. They are for some purposes. So how do we make the distinction? How do we know that it's not a court of the United States for this purpose? I think the purpose is the APA. There's a reason you can't bring APA actions in the Superior Court of the Virgin Islands, which is that it's not a court of the United States, and part of that's because we know from several different sources. One is that the Organic Act itself in Section 1611B, 1612B distinguishes between the district court of the Virgin Islands, the federal district court, and the local courts established by the Virgin Islands legislature, and that's what we're talking about here. So to say a local court is a court of the United States for purposes of the waiver of sovereign immunity, which is, of course, interpreted strictly and particularly where plaintiff here has conceded that that doesn't cover the Superior Court in this instance, would be pretty unusual. I mean, the same thing applies in any number of other, I mean, you look at the removal statute itself. The removal statute itself specifically defines territorial courts to be state courts, and that's how this case ended up before the district court to begin with under the removal statute. So it would really be, pretty extraordinary to say that for purposes of the waiver of sovereign immunity in the APA, the Superior Court of the Virgin Islands qualifies as a court of the United States. Maybe there are other statutory contexts where, you know, it would make sense, but it certainly wouldn't make sense here. All right, well, why don't you respond to the assertion that there's a fundamental separation of powers problem with the government's position here, that to rule in your favor is to allow the executive branch to irrigate to itself a judicial function. Right, well, Your Honor, that simply isn't what's happening here. I mean, the relevant point in this context is that there is a procedure under which Gillette can try to obtain the information he wants, and if he's dissatisfied with the result of that process, he can challenge that and get judicial review of the agency's decision. I mean, I think if you look at any number of cases, that could blow past Mr. Drew's assertion that, what I take it to be, an argument that that line of reasoning prevents anybody from ever challenging the TUI regulations. You could never mount an effective challenge to it because your choice is be told you're And that's a catch-22 that shouldn't be permitted because the TUI regulations are fundamentally flawed and against the principle of separation of powers. That's the pitch I understand to be making. Answer it, please. Right, so I don't understand why Mr. Drizzo believes he couldn't, in an APA action, challenge the TUI regulations. For example, if his objection is... That's what he said, that he should answer his waiver argument. He says if he made that, if he complied with TUI, you'd be standing there, Mr. Wood, saying you waived it. You don't have any basis to challenge the TUI regulation. You followed it. Right, if what he's contending is that he would like to raise his, for example, arguments about notice and comment and things of that nature, I'm not sure what would preclude him from raising that in a subsequent proceeding. I understand that he's saying it wouldn't be a waiver. I don't believe there would be. It's hard for me to see why. I mean, if you're a party who's actually been subject to the regulations and you believe those regulations are invalid, I don't think that there's... You've tried with the regulations. You've done what the regulations say. And then they say, look, we've done what they've told us to do. We think there's a constitutional problem. You don't think the United States position would be, well, this is not a party withstanding. They've actually complied with it. They've waived it. No, I mean, I think if what he said was I didn't get what I wanted, but the reason I didn't get what I wanted, and there would be two routes under which he could get that particular agency decision reversed. One would be to say the framework under which you made the decision was unlawful, right? So it didn't go through notice and comment. It didn't, whatever. That would be one way to get that decision thrown out. Or the other way would be to say on the substance, on the merits, I disagree. You abused your discretion. It was arbitrary and capricious, et cetera. But I mean, I think- You've just identified a statutory and regulatory route, and you've identified a fact-specific problem. I understand him to be saying, I have a constitutional argument. Right. And I want to raise the constitutional argument. Right. And I would be in a box, and they'd be telling me waiver if I waived my constitutional argument. I mean, people can challenge agency actions as inconsistent with the constitution under the APA. I mean, that's one of the explicit things you can raise under the APA. Yeah, exactly. I mean, it's an argument that can be made. I think, for example, if you look at the Fourth Circuit's decision in Williams, I think is a good illustration of this sort of thing. I mean, there you had a criminal defendant in state court who was facing a murder charge, and he wanted documents from the FBI that said he was constitutionally entitled to as part of his defense. And the Fourth Circuit said, the state court can't compel the government to do it. The district court doesn't get jurisdiction on removal to do it. What you do is you file an APA action, and you challenge the result, including raising your constitutional challenge if you believe that what you got wasn't sufficient. So I mean, it's hard for me to understand why- I mean, I heard my colleague saying that he didn't believe that he couldn't raise these challenges for some reason or another, but I'm not certain under what rubric at the point where he's been subject to the regulations. Maybe there would be- I mean, parties get challenged regulations all the time after having been subjected to them. So I hesitate to say that there wouldn't be any arguments we might raise, but I mean, it's at least at this point sort of hard to understand exactly what the objection would be. Okay. Any questions to the committee? I have no questions. All right. Thank you, Mr. Wood. Thank you. Your Honor, to respond to my colleague Cross Isle's point regarding sovereign immunity, from my perspective, the revised Organic Act, which is a congressional act, which allowed the legislature to create the Territory Court and to address all issues of local level design, that necessarily implies that the court has jurisdiction, not only subject matter jurisdiction on our local level habeas, but jurisdiction- everything it needs to enforce its orders. What doesn't- now, you just said it necessarily implies. Isn't the law that a waiver of sovereign immunity has to be clear and explicit? In general, I would say yes. However, I would like to push back on one instance. Because the writ of habeas corpus is enshrined in the Constitution, the fact that the United States government may not have waived its sovereign immunity, I don't think precludes the argument that notwithstanding there is no waiver of sovereign immunity. Because taking the government's arguments is a logical conclusion. If Congress wiped out all waivers of sovereign immunity in respect to a habeas case, then that would officiate the Great Writ, and I believe that would be a substantial constitutional problem. So I think- That might be a substantial constitutional problem, but that's not- Mr. Drews, that's not remotely the back situation we have here. You have a route to get to discovery. You've chosen not to follow that route, but to raise constitutional and regulatory and statutory challenges to it. And I don't see how- I don't- help me understand how that's tantamount to, you know, abolishing the Great Writ, and therefore there was an- there's a necessarily implied waiver of sovereign immunity. That just I understand that this court is hesitant to go there, given this has never happened before. But I think under the statutory design, that has to be the conclusion. Because otherwise, if the U.S. Attorney's Office refused to comply with the subpoena and said- and gave whatever reason, and then I was unable to get it, perhaps because I subsequently challenged it under an arbitrary and capricious bill. Council 706 allows you to challenge things that are contrary to constitutional rights, powers, privileges, and immunity. So I- help me understand why you waive the constitutional challenge, because they're brought all the time. The big APA debate was always that you had to wait for enforcement. You couldn't challenge rules pre-enforcement. Nobody's ever contended you couldn't raise a constitutional challenge post-enforcement, and the APA makes that clear. So I'm still not understanding why this argument wouldn't comply. Well, here's the way I see it, Judge. I got a letter from the U.S. Attorney's Office asserting the two-year regulations, right? So at that point, I- from my point of view, I got standing, at least at some level, to challenge the two-year regulations, right? I bring the challenge to the two-year regulations in the context that the government teetered up. So, you know, if, per se, your argument, I assume, brought a separate, standalone APA action, I would bet my bottom dollar that the government would argue that you have the opportunity, within the context of the motion to quash, to raise all these in the first instance. You failed to do so. You waived them in the context of the motion to quash. That is where you had standing. That's where you should have brought it up. So I thought, from my perspective, as soon as I got the pushback on the assertion of APA, I had to bring it, and I had to bring it now. I fully admit that there may be the possibility that, at some point, later down the line, if I want to bring an as-applied attack instead of a facial attack, I might be able to do that as a standalone, but I'm not going to waive my client's opportunity to do it in the first instance, and then be put in the proverbial catch-22 of, I gotcha, later on down the line. And so I think, under that context, this is the appropriate place to raise all the issues, because the government is the one who elected to remove and elected to assert the TUI regulations. So I think, at that point, it's fair to ask. I have no further questions. Okay. Well, I have no further questions. Judge Roth, do you have any questions? No? I don't think she has a lot of space on her. Judge Roth, do you have any questions? No, I have no further questions. Okay. Thanks. Thank you very much. Thank you, Mr. Drew. We've got the case under advice.